IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMEKA NICOLE PICKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00872-G-BT |
| | § | |
| DENIS MCDONOUGH, UNITED STATES SECRETARY OF VETERAN AFFAIRS, | § § § § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tameka Pickett, proceeding *pro se*, filed this civil action against Secretary Denis McDonough on April 9, 2024. *See* Compl. (ECF No. 3). Because Plaintiff paid the statutory filing fee, she is responsible for properly serving the Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. The Court previously reminded Plaintiff of this requirement and warned her that her case may be dismissed if she does not file a return of service or otherwise show that she has properly served Defendant by July 8, 2024. *See* Order (ECF No. 5). To date, however, Plaintiff has failed to effect proper service of process in compliance with Rule 4. Therefore, the District Judge should dismiss **Plaintiff's Complaint without prejudice under** Federal Rules of Civil Procedure 4(m) and 41(b).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

A plaintiff is entitled to notice before the court dismisses an action, *sua sponte*, for failure to timely serve a defendant under Rule 4(m). *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But a plaintiff's ignorance of the law is not good cause for her failure to effect service in compliance with the rules. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Here, Plaintiff filed her Complaint more than 90 days ago. But she has not filed proof of service on Defendant. Indeed, Plaintiff has not filed any document at all since the filing of her Complaint on April 9, 2024.

Accordingly, the District Judge should DISMISS Plaintiff's Complaint without prejudice. If Plaintiff files a valid return of service as to Defendant or shows good cause in writing before the deadline for objecting to the findings, conclusions, and recommendation expires (explained in more detail below), the Magistrate Judge will withdraw the recommendation to dismiss.

SO RECOMMENDED.

September 16, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).